**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1889**

GEORGE BUNGHA LEVAI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-263-205)

Submitted:  August 3, 2007          Decided:  August 24, 2007

Before NIEMEYER and MICHAEL, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Danielle Beach Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Kristin K. Edison, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Bungha Levai, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider its previous order adopting and affirming the immigration judge's decision. We note that only the Board's denial of Levai's motion to reconsider is properly before this Court as he failed to timely petition this Court for review of the Board's initial order.[*] Therefore, Levai's only cognizable argument before this Court is that the Board's denial of Levai's motion to reconsider was arbitrary and contrary to law. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Levai's motion for failing to present clear and convincing evidence indicating a strong likelihood that his marriage is bona fide, as required by Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

PETITION DENIED

---

[*]The filing of a motion to reopen or reconsider with the Board does not toll the thirty-day period for seeking review of an underlying order. Stone v. INS, 514 U.S. 386, 394 (1995).